**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4134-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARKUS BROWN,

    Defendant-Appellant.

_____

Submitted June 7, 2018 — Decided June 25, 2018

Before Judges Simonelli and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 12-07-0296.

Joseph E. Krakora, Public Defender, attorney for appellant (William P. Welaj, Designated Counsel, on the brief).

Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief; Sally Anne Monkemeier, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Markus Brown appeals from the April 12, 2017 Law Division order, which denied his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following arguments:

POINT I: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL, RESULTING IN A GUILTY PLEA WHICH HAD NOT BEEN FREELY, KNOWINGLY AND VOLUNTARILY ENTERED.

POINT II: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] SINCE HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AT SENTENCING.

We affirm the denial of defendant's PCR petition, but remand for resentencing to correct an illegal sentence.

A Sussex County grand jury indicted defendant for first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count one); second-degree burglary, N.J.S.A. 2C:18-2(b)(2) (count two); second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1) (count three); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count five); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count six); second-degree possession of a firearm for an

unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count seven); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count eight); and third-degree theft by unlawful taking, N.J.S.A. 2C:20-3 (count nine).

On January 29, 2014, defendant pled guilty to count one (robbery) and count three (certain persons not to have weapons) in exchange for the State's agreement to recommend a fifteen-year term of imprisonment with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The sentences would run concurrently to each other and concurrent to any sentence imposed in Essex County. The plea form stated that the court "will sentence" defendant to a twelve-year term with the terms for each count running concurrently.

At the plea hearing, defendant admitted he committed the two offenses. He acknowledged he had sufficient time to confer with plea counsel; plea counsel reviewed the counts in the indictment with him and explained the crimes of robbery and certain persons not to have weapons and the application of the Graves Act and he understood what the charges meant. Defendant acknowledged that plea counsel reviewed discovery, potential defenses, the strengths and weakness of any such defenses, and the plea form with him and he voluntarily initialed and signed the plea form. Defendant

acknowledged he faced a maximum thirty-year term of imprisonment if convicted of the two charges.

Defendant also acknowledged he understood the terms of the plea agreement and that the State would be requesting a fifteen-year term of imprisonment and the sentences on each charge would run concurrent. The court specifically questioned defendant about his understanding of the terms of the plea agreement as follows:

> THE COURT: And do you understand at your sentencing, the State wishes to recommend that you be sentenced to a total of [fifteen] years of incarceration that would run concurrent for these charges and [NERA] would be applicable? Is that clear to you?
>
> DEFENDANT: Yes.
>
> THE COURT: The State also is indicating that if you become the subject of a conviction in Essex County on an unrelated matter, that the sentence of incarceration here would run concurrent to that sentence?
>
> DEFENDANT: Yes.
>
> THE COURT: In order for that to happen though, that would have to mean that the sentence to be imposed here would come after the sentence that would be imposed in Essex County. Is that clear?

DEFENDANT:      Yes.

THE COURT:      If you are sentenced here first, then with regard to those charges in Essex County, you would have . . . to, through your lawyer, make the request that any sentence to be imposed there run concurrent to this sentence. Is that clear to you?

DEFENDANT:      Yes.

THE COURT:      And do you understand, as I have been told, that in a prior conference with another judge, that it was indicated that your exposure would be [twelve] years of incarceration subject to the [NERA]?

DEFENDANT:      Yes, that's my understanding.

THE COURT:      All right. With all of these under — and by the way, I've been describing to you this period of parole eligibility, do you understand that that means that is a period of incarceration that cannot be reduced by good time, work time or minimum custody credits?

DEFENDANT:      Yes.

THE COURT:      With these understandings then, do you know how you wish to plead to [c]ounts [one] and [three] of this indictment?

DEFENDANT:      Yes.

THE COURT:      And how do you wish to plead?

DEFENDANT: Guilty.

The colloquy continued as follows:

THE COURT: Is anyone forcing you to [plead guilty]?

DEFENDANT: No.

THE COURT: Do you feel you've had an adequate time to think through that decision and confer with your lawyer?

DEFENDANT: Yes I have.

. . . .

THE COURT: Now has anyone pressured or threatened you to cause you to plead guilty?

DEFENDANT: No Sir.

THE COURT: Has anyone made any other promises to you other than what I've covered with you to cause you to plead guilty?

DEFENDANT: No.

THE COURT: No one's induced you to plead guilty, have they?

DEFENDANT: No.

. . . .

THE COURT: Up to this point, do you have any questions of me or of [plea counsel]?

DEFENDANT: No, your Honor.

```
THE COURT:      And has your attorney answered
                to your satisfaction, any
                questions you may have asked
                him?

DEFENDANT:      Yes he has.

THE COURT:      And are you satisfied with his
                professional legal services?

DEFENDANT:      Yes I am.
```

Represented by a different attorney, on June 27, 2014, defendant appeared for sentencing. Sentencing counsel noted several mitigating factors, including that defendant was twenty-seven years old, employed, had a minor son, had one prior conviction and no acts of violence, was remorseful, took full responsibility for his actions, and admitted his role in the crimes at the time of his arrest. Counsel argued that mitigating factor seven[1] applied based on defendant's prior minimal record. In his allocution, defendant took full responsibility for his actions and stated he believed he deserved a twelve-year sentence rather than fifteen years.

---

[1] "The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense[.]" N.J.S.A. 2C:44-1(b)(7).

The court found aggravating factors three and nine[2] and mitigating factor three.[3] The court also referenced defendant's remorse, the admissions he made at the time of his arrest, and the effect of NERA. The court sentenced defendant on the robbery count to a twelve-year term of imprisonment subject to NERA, and a concurrent twelve-year term on the certain persons count subject to NERA, with the sentences to run concurrent to any pending charges in Essex County.

Defendant did not appeal his sentence. Instead, he filed a PCR petition, arguing plea counsel misadvised him that the certain persons offense required a mandatory consecutive sentence and could not be concurrent with the robbery offense, and he would receive a seven-year sentence on the robbery count subject to NERA and a concurrent five-year sentence on the certain persons not to have weapons count. Defendant also argued that sentencing counsel rendered ineffective assistance by not arguing for certain mitigating factors.

In an oral opinion, the PCR judge denied the petition without an evidentiary hearing. The judge found the petition was

---

[2] "The risk that the defendant will commit another offense[,]" N.J.S.A. 2C:44-1(a)(3); "[t]he need for deterring the defendant and others from violating the law[,]" N.J.S.A. 2C:44-1(a)(9).

[3] "The defendant acted under a strong provocation[.]" N.J.S.A. 2C:44-1(b)(3).

procedurally barred by Rule 3:22-3 and Rule 3:22-4, as defendant could and should have raised his sentencing argument in a direct appeal.

Addressing the merits, the PCR judge found defendant failed to establish a prima facie case of ineffective assistance of plea and sentencing counsel. The judge determined the the plea transcript confirmed defendant understood, and was not misadvised about, the terms of the plea agreement and did not object to it. The judge also found defendant did not object at sentencing and the record supported the aggravating and mitigating factors. This appeal followed.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must
> demonstrate that counsel made errors "so
> serious that counsel was not 'functioning' as

the counsel guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."

Second, a defendant "must show that the deficient performance prejudiced the defense." A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him "a fair trial." The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding.

[State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (citations omitted).]

To set aside a guilty plea based on ineffective assistance of counsel, "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases;' and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. See R. 3:22-10; State v. Preciose, 129 N.J. 451, 462 (1992).

We have considered defendant's arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons the PCR judge expressed in his oral opinion. We conclude that defendant failed to show that plea counsel rendered ineffective assistance. The record confirms defendant was not misadvised about the terms of the plea agreement and fully understood the terms and agreed to them. He was advised the State recommended a fifteen-year term of imprisonment subject to NERA to run concurrent. The record does not support defendant's claim that plea counsel advised he would receive a seven-year sentence on the robbery count subject to NERA and a concurrent five years on the certain persons count.

Defendant also failed to show that sentencing counsel rendered ineffective assistance. Counsel adequately addressed aggravating and mitigating factors and successfully argued for a twelve-year sentence rather than the fifteen-year sentence the State recommended. The record does not support a lower sentence. Accordingly, we affirm the denial of defendant's PCR petition.

Defendant asserts, and the State concedes, that his twelve-year sentence on count three is illegal because he could not have been sentenced to more than ten years on a second-degree offense.

11

Thus, we remand for the limited purpose amending the judgment of conviction to reflect a sentence not to exceed ten years on count three.

The denial of defendant's PCR petition is affirmed. This matter is remanded to the trial court to correct the judgment of conviction in accordance with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4134-16T3